UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HOOD<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>HATBORO FEDERAL SAVINGS, et al.<br><br>　　　　　　　　Defendants | Civil Action No. 2:21-cv-00795 |

**DEFENDANTS' ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendants, Hatboro Federal Savings ("**Hatboro Federal**") and Linda Roehner ("**Roehner**") (collectively "**Defendants**"), by their counsel Semanoff Ormsby Greenberg & Torchia, LLC, hereby set forth their Answer and Affirmative Defenses to Plaintiff Mary Hood's Complaint.

**INTRODUCTION**

1. Denied. The Complaint is a document which speaks for itself and any characterization thereof is denied. Further, Defendants deny Plaintiff's allegations that Defendants failed to reasonably accommodate her disability and discharged her for taking disability-related leave, in violation of the ADEA and PHRA. It is further denied when Plaintiff returned to work from leave her job duties had been assigned to a substantially younger employee and that her employment was terminated in violation of the ADEA and PHRA. To the contrary, while Plaintiff was on a 14-week approved leave related to back surgery, it was determined that her position as Head Teller was no longer necessary, the duties were distributed among other employees, and the position was permanently eliminated. Upon her return, Plaintiff was offered a comparable position at the identical salary because her former position no longer

existed. After having returned to work for only five days, she took six consecutive days off purportedly because of the flu without providing a note from a physician, without informing Defendants that her illness was purportedly related to emphysema (at no time did she inform Defendants she had such a condition), and without seeking an accommodation for her purported disability. This unexcused absence, taken in conjunction with her well-documented prior performance issues, resulted in the termination of Plaintiff's employment.

## PARTIES

2. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph.

3. Admitted.

4. Admitted in part, denied in part. It is denied Roehner lives in Hatboro, PA.

5. Denied as stated. Roehner was named interim President in June 2014 and voted in as President/CEO in January 2015.

## JURISDICTION AND VENUE

6. Denied. This paragraph avers conclusions of law to which no response is required.

7. Denied. This paragraph avers conclusions of law to which no response is required.

8. Denied. This paragraph avers conclusions of law to which no response is required.

9. Denied. Defendants are unaware whether Plaintiff filed her Charge with the PHRC.

10. Admitted.

11. Denied. Defendants are unaware whether Plaintiff filed her Charge with the PHRC.

12. Denied. This paragraph avers conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

13. Admitted in part, denied in part. It is denied Plaintiff was demoted to customer service representative on or about November 28, 2016. To the contrary, while Plaintiff was on a 14-week approved leave related to back surgery, it was determined that her position as Head Teller was no longer necessary, the duties were distributed among other employees, and the position was permanently eliminated. Upon her return, Plaintiff was offered, and she accepted, a comparable position and was compensated at her identical salary (commensurate with a manager although she no longer had managerial responsibilities) because her former position no longer existed.

14. Denied as stated. The policy speaks for itself and any characterization thereof is denied. Further, the policy set forth in this paragraph is part of a larger Employee Handbook that includes other policies that relate to Plaintiff's claims.

15. Admitted in part, denied in part. It is admitted in June 2016, Plaintiff notified Roehner that she needed to undergo back surgery, and was approved for a 14-week leave. The remaining averments of this paragraph are denied.

16. Denied as stated. On August 18, 2016, Plaintiff took a 14-week leave approved by Defendants in order to undergo back surgery. She was cleared by her doctor and returned to work November 28, 2016 with no restrictions.

17. Denied. The averments of this paragraph are conclusions of law to which no response is required. To the extent factual, the averments of this paragraph are denied. By way of further response, Plaintiff was cleared by her doctor and returned to work November 28, 2016 with no restrictions.

18. Denied. Defendant is without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff submitted no documentation to

Defendant regarding a purported second surgery, and never sought an accommodation regarding the need for a purported second surgery.

19. Denied. The "doctor's note" to the extent it exists, is a document that speaks for itself and any characterization thereof is denied.

20. Denied as stated. While Plaintiff was on a 14-week approved leave related to back surgery, it was determined that her position as Head Teller was no longer necessary, the duties were distributed among other employees, and the position was permanently eliminated. Upon her return, Plaintiff was offered a comparable position at the identical salary because her former position no longer existed.

21. Admitted in part, denied in part. It is admitted Plaintiff was compensated at her identical salary (including being compensated commensurate with a manager although she no longer had managerial responsibilities). Further, Plaintiff had the opportunity for continued growth if she maintained adequate performance levels. The remaining averments of this paragraph are denied.

22. Denied.

23. Denied. To the contrary, although Plaintiff no longer had managerial responsibilities, she remained in the chain of management for questions regarding branch issues.

24. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff never provided any notification to Defendants that she purportedly suffered from emphysema.

25. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema.

26. Denied. Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

27. Denied. It is denied Defendants knew Plaintiff was absent from work from December 5, 2016 through December 12, 2016 because she had emphysema and was suffering from severe flu-related respiratory symptoms. To the contrary, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema; that her December 2016 absenteeism was in any way related to emphysema; and provided no documentation to Defendants from a doctor related to her absence and purported illness.

28. Denied.

29. Denied. It is denied Plaintiff provided documentation from a doctor related to her unexcused absence in December 2016. Following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. § 12112(a), THE AMERICANS WITH DISABILITIES ACT
### (Plaintiff v. Hatboro Federal Savings)

35. Defendants incorporate all preceding paragraphs as if set forth herein.

36. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema.

37. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and never sought an accommodation for the condition.

38. Denied. Defendants are without information sufficient to admit or deny the averments of this paragraph. By way of further response, Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

39. Denied. At no time did Plaintiff seek an accommodation for her purported emphysema. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

40. Denied. At no time did Plaintiff seek an accommodation for her purported emphysema. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016. Following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment.

41. Denied. To the contrary, following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment.

42. Denied. At no time did Plaintiff seek an accommodation for her purported emphysema. By way of further response, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

43. Denied.

44. Denied.

45. Denied. This averment is a conclusion of law to which no response is required. By way of further response, at no time did Plaintiff seek an accommodation for her purported emphysema. Further Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

WHEREFORE, Defendant Hatboro Federal Savings, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## COUNT II
### INTERFERENCE WITH ADA RIGHTS IN VIOLATION OF 42 U.S.C § 12112(a), THE AMERICANS WITH DISABILITIES ACT
(Mary Hood v. Hatboro Federal Savings)

46. Defendants incorporate all preceding paragraphs as if set forth herein.

47. Admitted.

48. Denied. This averment is a conclusion of law to which no response is required. By way of further response, Plaintiff was cleared by her doctor and returned to work November 28, 2016 with no restrictions.

49. Denied. At no time did Plaintiff seek an accommodation for her purported emphysema. Further, Plaintiff never provided notification to Defendants that she purportedly

suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016. Following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment.

50. Denied. Plaintiff had already utilized all of her paid sick leave prior to taking leave for back surgery on August 18, 2016.

51. Denied. Plaintiff had already utilized all of her paid sick leave prior to taking leave for back surgery on August 18, 2016.

52. Denied. Plaintiff had already utilized all of her paid sick leave prior to taking leave for back surgery on August 18, 2016.

53. Denied. Plaintiff had already utilized all of her paid sick leave prior to taking leave for back surgery on August 18, 2016.

54. Denied. Plaintiff had already utilized all of her paid sick leave prior to taking leave for back surgery on August 18, 2016.

55. Admitted.

56. Denied. Plaintiff was not terminated for taking "too much time off." To the contrary, following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment. Further, at no time did Defendants interfere with Plaintiff's ADA rights: Plaintiff took a 14-week approved leave from August 18, 2016 to November 27, 2016; thereafter, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema, Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016, and at no time requested an accommodation for her purported emphysema.

57. Denied.

58. Denied.

59. Denied. This paragraph avers conclusions of law to which no response is required. By way of further response, at no time did Plaintiff seek an accommodation for her purported emphysema. Further, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

WHEREFORE, Defendant Hatboro Federal Savings, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## COUNT III
## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF 43 P.S. § 955(a) THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Mary Hood v. Hatboro Federal Savings)

60. Defendants incorporate all preceding paragraphs as if set forth herein.

61. Denied. This paragraph avers a conclusion of law to which no response is required. By way of further response, at no time did Plaintiff seek an accommodation for her purported emphysema. Further, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016.

WHEREFORE, Defendant Hatboro Federal Savings, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## COUNT IV
### AIDING AND ABETTING DISABILITY DISCRIMINATION IN VIOLATION OF
### 43 P.S. § 955(e)
### THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Mary Hood v. Linda Roehner)

62. Defendants incorporate all preceding paragraphs as if set forth herein.

63. Denied. This paragraph avers a conclusion of law to which no response is required. By way of further response, at no time did Plaintiff seek an accommodation for her purported emphysema. Further, Plaintiff never provided notification to Defendants that she purportedly suffered from emphysema and Plaintiff provided no documentation to Defendants from a doctor related to her absence and purported illness in December 2016. Further, following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment. It is further denied Roehner took any actions that subject her to liability for aiding and abetting disability discrimination.

WHEREFORE, Defendant Linda Roehner, demands judgment in her favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## COUNT V
### DISCRIMINATORY DISCHARGE IN VIOLATION OF 29 U.S.C. § 623(a)(1)
### THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### (Mary Hood v. Hatboro Federal Savings)

64. Defendants incorporate all preceding paragraphs as if set forth herein.

65. Denied as stated. At the time of her termination Plaintiff was 62 years of age.

66. Denied. While Plaintiff was on a 14-week approved leave related to back surgery, it was determined that her position as Head Teller was no longer necessary, the duties were distributed among other employees, and the position was permanently eliminated. Upon her

return, Plaintiff was offered, and she accepted, a comparable position and was compensated at her identical salary (commensurate with a manager although she no longer had managerial responsibilities) because her former position no longer existed.

67. Denied.

68. Denied as stated. After having returned to work for only five days following a 14-week approved leave related to back surgery, Plaintiff took six consecutive days off purportedly because of the flu without providing a note from a physician, without informing Defendants that her illness was purportedly related to emphysema (at no time did she inform Defendants she had such a condition), and without seeking an accommodation for her purported disability. This unexcused absence, taken in conjunction with her well-documented prior performance issues, resulted in the termination of Plaintiff's employment.

69. Denied as stated. At the time Plaintiff's termination, there was no replacement trained to assume the responsibilities of the Customer Service Representative position.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

WHEREFORE, Defendant Hatboro Federal Savings, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## COUNT VI
## AGE-BASED DISCRIMINATORY DISCHARGE IN VIOLATION OF 43 P.S. § 955(a)
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## (Mary Hood v. Hatboro Federal Savings)

75. Defendants incorporate all preceding paragraphs as if set forth herein.

76. Denied. This paragraph avers conclusions of law to which no response is required. By way of further response, following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment, and such termination had nothing to do with her age.

WHEREFORE, Defendant Hatboro Federal Savings, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

### COUNT VII
### AIDING AND ABETTING AGE-BASED DISCRIMINATION IN VIOLATION OF
### 43 P.S. § 955(e)
### THE PENNSYLVANIA HUMAN RELATIONS ACT
### (Mary Hood v. Linda Roehner)

77. Defendants incorporate all preceding paragraphs as if set forth herein.

78. Denied. This paragraph avers conclusions of law to which no response is required. By way of further response, following six consecutive days of unexcused absences, the unexcused absences, taken in conjunction with Plaintiff's well-documented prior performance issues, resulted in the termination of her employment, and such termination had nothing to do with her age. It is further denied Roehner took any actions that subject her to liability for aiding and abetting age-based discrimination.

WHEREFORE, Defendant Linda Roehner, demands judgment in its favor and against Plaintiff, as well as costs of suit, attorneys' fees and other such relief this Honorable Court deems just and fair.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Defendants' actions do not violate the Americans With Disabilities Act.

3. Plaintiff's claims are barred, in whole or in part, because Defendants' actions do not violate the Pennsylvania Human Relations Act.

4. Plaintiff's claims are barred, in whole or in part, because Defendants' actions do not violate the Age Discrimination in Employment Act.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely file a Charge of Discrimination with the Pennsylvania Human Relations Commission.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff never sought a an accommodation for her unexcused absence in December 2016.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff never provided Defendants with any form of notification that she purportedly suffered from emphysema or that her absence in December 2016 was in any way related to a purported disability.

8. Plaintiff's claims are barred, in whole or in part, because Defendants' Employee Handbook and Workplace Policies regarding leave comply with all relevant local, state and federal law.

9. Plaintiff's claims are barred, in whole or in part, because all decisions taken by Defendants as to Plaintiff's employment were based upon legitimate and non-discriminatory reasons.

10. Plaintiff's claims are barred, in whole or in part, because Defendant Linda Roehner took no actions that subject her to liability for aiding and abetting disability or age-based discrimination.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

12. Plaintiff's action is brought for an improper purpose and motive, thus entitling Defendants to their costs and attorneys' fees in defending this action.

13. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's unclean hands.

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff's seeks monetary damages to which she is not entitled.

15. Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that Defendants acted with actual malice with regard to her employment.

## RESERVATION OF DEFENSES

Defendants reserve the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently retained in this action.


SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC


By: */s/ Stephen C. Goldblum*
STEPHEN C. GOLDBLUM, ESQUIRE
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200
sgoldblum@sogtlaw.com
*Attorneys for Defendants*
*Hatboro Federal Savings and Linda Roehner*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HOOD<br><br>　　　　　　Plaintiff<br><br>HATBORO FEDERAL SAVINGS, et al.<br><br>　　　　　　Defendants | Civil Action No. 2:21-cv-00795 |

### CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below service of a true and correct copy of the attached Answer to Complaint and Affirmative Defenses was made via ECF notification and email upon the following:

> William P. Mansour, Esquire
> Mansour Law, LLC
> 1101 Hamilton Street, Suite 205
> Allentown, PA  18101
> wpm@themansourfirm.com
> *Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　/s/ Stephen C. Goldblum
　　　　　　　　　　　　　　　　　　　　　STEPHEN C. GOLDBLUM, ESQUIRE

DATED: April 22, 2021

{02153603;v2 }